UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PREVEDELLO,<br><br>                Plaintiff,<br><br>    v.<br><br>J. FITTER, et al.,<br><br>                Defendants. | Case No. CV 15-0776-GHK (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

      Christopher Prevedello ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

      In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

      A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on

which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

Plaintiff has sued the following California Department of Corrections and Rehabilitation ("CDCR") officials employed at the California State Prison, Los Angeles County ("CSP-LAC"): J. Fitter, M.D.; Paulette Finander, Chief Medical Executive; and M. Ha, Physician Assistant, (collectively "Defendants"). (Complaint at 1, 4.)[1] Plaintiff names Defendants in their individual capacity only. (Complaint at 4.)

Plaintiff explains that he "was hurt" in the course of a hernia surgery on January 16, 2008, while he was incarcerated at Ironwood State Prison ("ISP"). (Complaint at 1; see id. at 8 (stating that the surgery "caused serious injur[ies] to [Plaintiff's] neck and back").) Moreover, Plaintiff explains that "it took over two years to receive a hernia surgery." (Complaint at 1; see id. at 8 (explaining that he "walked around for years with a hernia").) Plaintiff states that, "since [his] surgery . . . , [he] ha[s] had neck and back pains, [and] the back of [his] neck is the size of a golf ball and [has] never been the same." (Complaint at 7.) Moreover, Plaintiff states he received MRIs of his neck and back, which showed "physical injur[ies]." (Complaint at 2.) As a result, Plaintiff alleges that over the past six years, CDCR physicians "ha[ve] . . . mandat[ed] treatment, put [Plaintiff] on chronic care, and . . . have been giving him different medication regimen[]s." (Complaint at 2.) According to Plaintiff "[t]his shows the seriousness of [his] medical needs." (Complaint at 2.)

Plaintiff's alleges that on January 27, 2014, he was "kept" at CSP-LAC by Defendant Fitter, "who made [Plaintiff] high medical risk [be]cause of [his] pain." (Complaint at 2.) Yet, Plaintiff alleges Dr. Fitter "cut [Plaintiff] off all [his] medications [be]cause [he] did not qualify." (Complaint at 2.) Plaintiff explains that he tried to show Dr. Fitter copies of his MRIs, but Fitter would not look at them or listen to Plaintiff. (Complaint at 2-3.) Instead,

---

[1] For ease of reference, the Court labels and refers to the pages in the Complaint in consecutive order, i.e., 1-8.

Plaintiff states Defendant Fitter "just ordered x-rays[.]" (Complaint at 3.) According to Plaintiff, moreover, "it's clear CSP-LAC had no records." (Complaint at 3 (apparently alleging that the only records in the possession of CSP-LAC officials were dated on or after January 6, 2014).)

Plaintiff explains "these violations" were brought to the attention of prison officials" but were left "unchecked" by "the responsible supervisor." (Complaint at 3.) He further explains that he "put in a CDC 7362 Health Form for interview with C.M.E. Finander to no avail." (Complaint at 3.) He states: "in fact, [Defendant Finander] had personal involvement when she made [Plaintiff] a CDCR 128 Chrono (7410) that cleared [him] of all [his] permanent medical chronos." (Complaint at 3.) Thus, Plaintiff explains he now has to sleep on top bunks after "ortho knee surgery." (Complaint at 3.) Finally, Plaintiff states that Defendant Finander "clear[ly] fail[ed] to train or supervise the prison medical staff", and these "omissions were [the] proximate cause of [the] injury suffered." (Complaint at 7.)

According to Plaintiff, "[Defendant Ha's] inaction was and still is [the] actual cause of inadequate medical care." (Complaint at 3.)

Plaintiff alleges that the aforementioned actions and/or inactions amounted to deliberate indifference to a serious medical need, in violation of Plaintiff's rights under the Eighth Amendment. He seeks compensatory damages and injunctive relief. (Complaint at 8.)

## DISCUSSION

**I. THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 10.**

Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts

where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted).

Here, Plaintiff has not separately set forth his diverse claims arising out of separate sets of circumstances – including the supporting facts for each claim – as separate counts, so as to allow the Court and Defendants to understand the scope and nature of Plaintiff's allegations. Accordingly, the Complaint is subject to dismissal pursuant to Rule 10 because it improperly mixes allegations apparently related to different claims. If Plaintiff wishes to file an amended complaint, he shall set forth each claim arising out of separate transactions or occurrences as a separate count by clearly numbering and distinguishing from one another every civil rights claim, <u>including the underlying factual allegations for each claim</u>. Any claim that is not clearly numbered or separated from all other claims <u>and</u> accompanied with the alleged facts supporting that claim will not be addressed as a separate claim for relief.

## II.     THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

Plaintiff's Complaint does not comply with the standards of Rule 8. Instead, the Complaint lumps all of Plaintiff's factual allegations together, apparently mixing facts related to several claims, and includes approximately 52 pages of exhibits. The Complaint is vague, confusing, and conclusory. For example, with respect to Defendant Ha, Plaintiff states only that Defendant Ha's "inaction was and still is [the] actual cause of inadequate medical care." (Complaint at 3.) Yet, the Complaint sets forth no specific factual allegations to support this conclusory assertion. Likewise, although Plaintiff states that the violations at issue "started at CSP-LAC" (Complaint at 1), the Complaint includes allegations concerning delays in receiving a hernia repair surgery and injuries he suffered in the course of the surgery prior to Plaintiff's transfer to CSP-LAC. (See, e.g., Complaint at 1, 7.) Plaintiff's allegations fail to clearly identify each individual claim, the incident(s) giving rise to each claim, and the specific Defendants Plaintiff believes are liable for each of those claims. This is insufficient. The court is not required to sort through Plaintiff's allegations and exhibits in search of a viable claim, Independent Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003); see Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994), and Plaintiff's failure to plainly and succinctly provide each defendant with fair notice of the bases for his allegations violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000), cert. denied, 532 U.S. 1008 (2001) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").

In sum, Plaintiff's Complaint is subject to dismissal under Rule 8.

### III. PLAINTIFF FAILS TO STATE A CLAIM BASED ON ANY FAILURE TO PROVIDE MEDICAL TREATMENT.

#### A. Applicable Law

The state must provide medical care to prisoners, because their incarceration has deprived them of the ability to secure medical care for themselves. Estelle v. Gamble, 429

U.S. 97, 103 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Failure to provide medical care may violate the Cruel and Unusual Punishment Clause of the Eighth Amendment if it amounts to deliberate indifference to a prisoner's serious medical needs. Estelle, 429 U.S. at 104

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). A serious medical need exists if failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059. Examples of serious medical needs include: '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. at 1059-60.

Deliberate indifference requires that defendants purposefully ignore or fail to respond to the prisoner's pain or medical need. McGuckin, 974 F.2d at 1060. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care." Id. at 1059; see Estelle, 429 U.S. at 104-05. However, an inadvertent or negligent failure to provide medical care does not constitute deliberate indifference. Estelle, 429 U.S. at 105-06. When medical treatment is delayed rather than denied, the delay generally amounts to deliberate indifference only if it caused further harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985); see also Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (delayed dental care did not violate Eighth Amendment because plaintiffs did not show that "delays occurred to patients with problems so severe that delays would cause significant harm").

///

**B.   Analysis**

    **i.   Analysis of Claim Against Defendant Ha**

Plaintiff's claims for deliberate indifference to a serious medical need appear to arise out of the discontinuation of Plaintiff's pain medications for his back, neck and knee pain. (See Complaint at 2; id., Exhibits ("Exh.") at 19-31.)[2] In the Complaint, Plaintiff alleges that "[Defendant Ha's] inaction was and still is [the] actual cause of inadequate medical care." (Complaint at 3.) The grievance records attached to the Complaint show that Plaintiff filed a grievance on February 5, 2014, seeking "to be put back on a pain management plan that will help with [his] back, neck, and knee pain." (Complaint, Exh. at 19.) Defendant Ha interviewed and examined Plaintiff, and reviewed Plaintiff's medical records, in connection with the grievance on March 26, 2014.  (Complaint, Exh. at 23.) He indicated that Plaintiff wanted to be prescribed Gabapentin, Tramadol, and Baclofen and requested chronic care for his back, neck and knee pain. (Complaint, Exh. at 23.) Defendant Ha observed that Plaintiff exhibited no clinically significant functional impairment, and that he had a normal gait and there was no spasticity. (Complaint, Exh. at 23.) Defendant Ha noted that there was no neurological deficit on physical examination, and that Plaintiff denied bowel and bladder incontinence. (Complaint, Exh. at 23-24.) Defendant Ha noted that Plaintiff was currently prescribed the medications acetaminophen and salsalate for his chronic pain without functional impairment. Based on his interview and examination of Plaintiff, Defendant Ha prescribed the medication oxcarbazepine (Trileptal) for Plaintiff's chronic back, knee, and neck pain. (Complaint, Exh. at 24.) Defendant Ha denied Plaintiff's request for Gabapentin, Tramadol, and Baclofen at the first level of review of Plaintiff's grievance, finding Plaintiff did not meet CDCR criteria for these nonformulary medications.  (Complaint, Exh. at 24.)

The Exhibits further show that Plaintiff's request for Gabapentin, Tramadol, and Baclofen was denied at the second level of review on May 13, 2014. Specifically, CSP-LAC

---

[2] For ease of reference, the Court labels and refers to the pages in the exhibits attached to the Complaint in consecutive order.

1 medical staff found on the basis of a 7/31/2008 cervical spine MRI "without neural foraminal
2 narrowing, vertebral soft tissue mass, or spinal cord compromise" and the physical
3 examination results showing "no neurolgical deficits" that Plaintiff's neck and back pain "is
4 musculoskeletal in nature and most appropriately treated with Acetaminophen with or
5 without a NSAID as well as the performance of a HEP (Home Exercise Program)."
6 (Complaint, Exh. at 27.) Moreover, the medical staff noted that a physical therapy evaluation
7 had been requested at which Plaintiff can be instructed on a HEP to be performed several
8 times each day. (Complaint, Exh. at 27.) Concerning Plaintiff's knee pain, the medical staff
9 concluded that Plaintiff's "clinical picture of chronic knee pain in the setting of obesity
10 without anatomical deficit or abnormality and without functional impairment and with a
11 history of prior knee arthroscopic surgery is indicative of knee pain due to osteoarthritis[,]"
12 for which clinical guidelines recommend weight loss, low impact aerobic exercise, and
13 prescription of acetaminophen and/or NSAIDs. (Complaint, Exh. at 26.) It was further noted
14 that Plaintiff was currently prescribed acetaminophen to take either by itself or together with
15 salsalate for knee pain. (Complaint, Exh. at 27 (explaining that acetaminophen and salsalate
16 have a synergistic effect on pain).) The medical staff denied Plaintiff's request for
17 Gabapentin, Tramadol, and Baclofen, finding that a CSP-LAC medical provider had
18 evaluated Plaintiff and determined that these medications were not medically necessary.
19 (Complaint, Exh. at 27.)

20 The Exhibits show also that Plaintiff's request for Gabapentin, Tramadol, and
21 Baclofen was denied at the director's level of review on August 12, 2014. (Complaint, Exh.
22 at 30-31.) It was noted that Plaintiff was prescribed acetaminophen, oxcarbazepine, and
23 salsalate for pain management, that a physical therapy consultation for chronic back, neck,
24 and knee pain was approved on June 2, 2014, that on May 1, 2014, Plaintiff received a
25 cervical spine x-ray, and that Plaintiff received primary care provider follow up evaluation
26 related to his chronic pain on April 24, 2014, finding no medical indication for nonformulary
27 medication. (Complaint, Exh. at 30.) It was found that Plaintiff's medical condition has been
28 evaluated and Plaintiff is receiving treatment deemed medically necessary. (Complaint, Exh.

at 31 (explaining that "[g]enerally accepted medical practice is to treat musculoskeletal back pain with acetaminophen with or without nonsteroidal anti-inflammatory drug such as naproxen together with physical therapy for HEP).)

    Plaintiff's allegations and the grievance records indicate Defendant Ha determined the proper course of treatment – including prescriptions for acetaminophen, salsalate, and oxcarbazepine for pain and a referral to physical therapy – based on his/her medical examination and findings that Plaintiff exhibited no clinically significant functional impairment, that he had a normal gait and there was no spasticity, that there was no neurological deficit on physical examination, and that Plaintiff denied bowel and bladder incontinence.[3] (Complaint, Exh. at 23-24.) Under the circumstances, Plaintiff's allegations that Defendant Ha failed in her duties to provide adequate treatment for Plaintiff's pain because her treatment differed from that of Plaintiff's prior physicians reflect nothing more than "'a difference of medical opinion' as to the need to pursue one course of treatment over another[, which is] . . . insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see Estelle, 429 U.S. at 107-08 ("[T]he question whether a[] . . . form[] of treatment is indicated is a classic example of a matter for medical judgment" and "[a] medical decision not to order [a form of treatment] . . . does not represent cruel and unusual punishment."); Toguchi, 391 F.3d at 1058 ("[A] mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'") (citation omitted); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to Sanchez'[s] serious medical needs.").

    Moreover, a prison official does not exhibit deliberate indifference to a serious medical need simply because she prescribes a course of treatment that proves ineffective. To the contrary, a medical professional who makes a mistake – even one constituting gross negligence or medical malpractice – is not deliberately indifferent for the purposes of the

---

[3] Defendant Ha also reviewed Plaintiff's medical records, which included records pre-dating January 6, 2014. (Complaint, Exh. at 23; see id., Exh. at 26-27.)

Eighth Amendment unless her conduct was medically unacceptable under the circumstances and pursued in "conscious disregard" of an excessive risk to the Plaintiff's health. See Estelle, 429 U.S. at 104-06; Toguchi, 391 F.3d at 1058. Here, multiple CDCR medical staff agreed that Gabapentin, Tramadol, and Baclofen were not medically necessary to treat Plaintiff's chronic pain. (Complaint at 2; id., Exh. at 23-31.) This suggests that discontinuing treatment for Plaintiff's chronic back, neck, and knee pain with Gabapentin, Tramadol, and Baclofen was not medically unacceptable under the circumstances. See Moreno v. Medina, 2013 WL 3350819, at * 4 (E.D. Cal. 2013) (fact that the same course of treatment was recommended by multiple physicians suggests that the treatment was not medically unacceptable under the circumstances).

In sum, Plaintiff's Complaint fails to plead sufficient facts to support the inference that Defendant Ha exhibited deliberate indifference to a serious medical need in denying treatment with Gabapentin, Tramadol, and Baclofene for Plaintiff's chronic neck, back, and knee pain. Accordingly, Plaintiff's claim for deliberate indifference to a serious medical need must be dismissed as to Defendant Ha.

### ii. Analysis of Claim Against Defendant Fitter

Plaintiff alleges in the Complaint that Dr. Fitter "cut [Plaintiff] off all [his] medications [be]cause [he] did not qualify." (Complaint at 2.) Plaintiff explains that he tried to show Dr. Fitter copies of his MRIs, but Fitter would not look at them or listen to Plaintiff. (Complaint at 2-3.) Instead, Plaintiff states Defendant Fitter "just ordered x-rays[.]" (Complaint at 3.)

Plaintiff's allegations that Dr. Fitter would not look at copies of Plaintiff's MRIs or listen to him (Complaint at 2-3), but nevertheless "ordered x-rays", and that Dr. Fitter "cut [Plaintiff] off all [his] medications" not because of any improper motive, but "[be]cause [Plaintiff] did not qualify" (Complaint at 2), are insufficient to state a claim for deliberate indifference to a serious medical need. Jackson, 90 F.3d at 332; see Estelle, 429 U.S. at 107-08; Toguchi, 391 F.3d at 1058; Sanchez, 891 F.2d at 242. Plaintiff has not pled any facts indicating that Dr. Fitter, in conscious disregard of an excessive risk to Plaintiff's health, chose a course of treatment that was medically unacceptable under the

circumstances when s/he discontinued treatment for Plaintiff's chronic back, neck, and knee pain with Gabapentin, Tramadol, and Baclofene. Toguchi, 391 F.3d at 1058. This is especially true given that that multiple CDCR medical staff agreed that Gabapentin, Tramadol, and Baclofen were not medically necessary to treat Plaintiff's chronic pain. See Moreno, 2013 WL 3350819, at * 4. The mere fact that Plaintiff disagrees with Dr. Fitter's conclusions, or that s/he approved a course of treatment that differs from that of a prior physician, is not sufficient to allege deliberate indifference. See Sanchez, 891 F.2d at 242. Nor was Fitter deliberately indifferent simply because s/he may have approved a course of treatment that proved ineffective. Estelle, 429 U.S. at 104-06. Plaintiff's allegations are insufficient to state a claim for deliberate indifference based on Defendant Fitter's failure to prescribe Gabapentin, Tramadol, and Baclofen for Plaintiff's chronic pain.

Accordingly, Plaintiff's claim for deliberate indifference to a serious medical need must be dismissed as to Defendant Fitter.

### iii. Analysis of Claim Against Defendant Finander

For the same reasons Plaintiff has failed to state a claim for deliberate indifference against Defendant Ha, see supra, Dr. Finander's first level review denial of Plaintiff's request for Gabapentin, Tramadol, and Baclofene based on Defendant Ha's findings and conclusions following her physical examination of Plaintiff does not amount to deliberate indifference to a serious medical need.

Moreover, Plaintiff has not alleged any facts showing that Defendant Finander was deliberately indifferent to a serious medical need when she "made [Plaintiff] a CDCR 128 Chrono (7410) that cleared [him] of all [his] permanent medical chronos" on March 12, 2014. (Complaint at 3 (explaining he now has to sleep on top bunks after "ortho knee surgery); see id., Exh. at 45.) Plaintiff has not pled any facts indicating that Dr. Finander, in conscious disregard of an excessive risk to Plaintiff's health, chose a course of treatment that was medically unacceptable under the circumstances. Toguchi, 391 F.3d at 1058. The mere fact that Plaintiff disagrees with Dr. Finander's conclusions, or that she selected a course of

treatment that differs from that of a prior physician, is not sufficient to allege deliberate indifference. See Sanchez, 891 F.2d at 242.

Finally, to the extent Plaintiff alleges that Defendant Finander "clear[ly] fail[ed] to train or supervise the prison medical staff", and these "omissions were [the] proximate cause of [the] injury suffered" (Complaint at 7), Plaintiff's allegations are insufficient to state a claim for deliberate indifference to a serious medical need against Defendant Finander. A local government entity may be held liable for a failure to train its employees only if "the failure to train amounts to deliberate indifference to the rights of persons" impacted by the inaction. City of Canton v. Harris, 489 U.S. 378, 388 (1989). In order to state a claim for failure to train, Plaintiff must allege that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. at 390. Here, Plaintiff alleges no facts to support his broad failure to train allegations, however. The allegations of the Complaint are insufficient to state a claim upon which relief may be granted against Defendant Finander based on any failure to train or supervise the prison medical staff. See Iqbal, 556 U.S. at 678-79 (legal conclusions must be supported by factual allegations); Dugherty v. City of Covina, 654 F.3d 892, 900 (9th Cir.2011) (finding that plaintiff's conclusory allegations "lack any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' deemed insufficient by Twombly.").

Accordingly, Plaintiff's claim for deliberate indifference to a serious medical need must be dismissed as to Defendant Finander.

### iv. Analysis of Claims Regarding Delays in Receiving Hernia Repair Surgery and Injuries Suffered in the Course of Surgery

"Liability under § 1983 must be based on the personal involvement of the defendant." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A person deprives another of a constitutional right where that person "does an affirmative act, participates in another's

affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44. Here, to the extent Plaintiff premises his deliberate indifference claim on any delays in receiving hernia repair surgery and/or injuries suffered in the course of the surgery, i.e., events that took place before Plaintiff was transferred to CSP-LAC, Plaintiff's allegations are insufficient to state a claim against Defendants who are all CSP-LAC officials.

Accordingly, Plaintiff's claim for deliberate indifference to a serious medical need premised on any delays in receiving hernia repair surgery and/or injuries suffered in the course of the surgery must be dismissed.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide plaintiff with a blank Central District of California civil rights complaint form, which plaintiff must fill out completely and resubmit.

///

///

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: June 16, 2015                            /s/ John E. McDermott
                                                                JOHN E. MCDERMOTT
                                                      UNITED STATES MAGISTRATE JUDGE